L. C. Roberts and Dorothy L. Roberts v. Commissioner.
Roberts v. Commissioner
Docket No. 91193.
United States Tax Court
T.C. Memo 1963-253; 1963 Tax Ct. Memo LEXIS 91; 22 T.C.M. (CCH) 1261; T.C.M. (RIA) 63253; September 17, 1963
Roy M. Booth, for the petitioners. Bernard A. Hecke and Paul J. Weiss, Jr., for the respondent. FORRESTER
Memorandum Opinion FORRESTER, Judge: Respondent has determined deficiencies of $226.74 and $191.83 in petitioners' income tax for the calendar years 1957 and 1958, respectively. The issues are automobile depreciation and meal expense deductions. Some of the facts have been stipulated and are so found. The petitioners, L. C. Roberts and his wife, Dorothy L. Roberts, are individuals residing at Greensboro, North Carolina. They filed their joint Federal income tax returns with the district director of internal revenue, Greensboro, North Carolina, for the taxable years 1957 and 1958. Dorothy L. Roberts is a party only because of the filing of joint returns, and L. C. Roberts will hereinafter be called petitioner. During the years in issue, petitioner was a traveling salesman who maintained his residence and business headquarters in *93 Greensboro, North Carolina. He was employed as a factory representative for several furniture manufacturers and received compensation for his services solely from commissions. Petitioner furnished his own automobile and did not receive any reimbursement for automobile expenses. He drove his automobile approximately 30,000 miles per year in his business. On November 22, 1954, petitioner purchased a 1955 Chrysler automobile which had an invoice price of $3,410.57. Petitioner claimed depreciation on said 1955 Chrysler as follows: Depreciation
Taxable
claimed by
year
petitioner
1954
$ 100.00
1955
1,166.66
1956
1,166.66
Total
$2,433.32
On February 16, 1957, petitioner traded in said 1955 Chrysler for a 1957 Chrysler which had an invoice price of $5,021.54. Petitioner paid $2,400 and was allowed $2,621.54 on the 1955 Chrysler. Petitioner claimed $1,277.77 as depreciation on the 1957 Chrysler for the balance of 1957 and $1,277.77 for 1958. On March 14, 1959, petitioner traded his 1957 Chrysler in on a 1959 DeSoto. He was allowed $2,395 for his 1957 Chrysler toward the purchase price of the 1959 DeSoto. On the 1957 income tax return petitioner, under the *94 heading "expenses," deducted "meals $1,218.50." The respondent disallowed $344 of the $1,218.50 deduction. The respondent concedes that only $327 should have been disallowed in the statutory notice instead of $344. On the 1958 income tax return petitioner, under the heading "expenses," deducted "meals $1,099.00." The respondent disallowed $270.50 of the $1,099 deduction. The respondent concedes that only $260 should have been disallowed in the statutory notice instead of $270.50. In each of the years 1957 and 1958, petitioner claimed section 167 [1] automobile depreciation on his return of $1,277.77. Respondent determined that deductions of $491.13 and $491.12 for 1957 and 1958, respectively, were proper. Petitioner now contends for such deductions in the amount of $608.34 in each year. Respondent concedes on brief that the relevant 1957 Chrysler was used solely for business and that a 2-year useful life for purposes of depreciation is applicable. Respondent concedes further that petitioner exchanged his 1955 Chrysler for an asset of like kind used in his trade or business, within the purview of section 1031(d). *95 Therefore petitioner's basis in the 1957 Chrysler is his adjusted basis in the 1955 Chrysler plus the $2,400 boot paid. Sections 167(f), 1011, 1012, 1016(a)(2)(A), 1031(a) and (d). In determining the basis of the 1957 Chrysler, the following computation must then be made: Adjusted basis of 1955 Chrysler
$3,410.57 [2]
Depreciation claimed thereon: 1954
$ 100.00
1955
1,166.66
1956
1,166.66
2,433.32
Unrecovered cost on 1955 Chrysler
as of January 1, 1957
$ 977.25
Boot paid for 1957 Chrysler
2,400.00
Basis of 1957 Chrysler
$3,377.25 [3]
The next question involves the salvage value of the 1957 Chrysler. *96 See Massey Motors v. United States, 364 U.S. 92. Salvage value is an estimation, determined in advance, regarding the amount realizable on the relevant asset's retirement. Section 1.167(a)-1(C), Income Tax Regs. Factors in that estimation were the 2-year useful life and the estimated 60,000 of mileage over the 2-year period. Respondent asserts as salvage value the $2,395 of trade-in allowance on the subsequent purchase of a 1959 DeSoto. Petitioner argues that the salvage value was $2,350 but has offered no supporting evidence. While trade-in allowance is not necessarily a reliable or realistic, measure of actual salvage value, Thos. Goggan & Bro., 45 B.T.A. 218, 225, the amount of $2,395 was reasonable under the facts of this case. Petitioner has not rebutted this amount; indeed, his submission of $2,350 does not even seriously dispute it. Hence $491.13 and $491.12 were proper depreciation deductions for 1957 and 1958, respectively. (i.e., $3,377.25 adjusted basis, less $2,395 salvage value, divided by the 2 years of useful life). We find for the respondent on this issue. During the years in issue, petitioner was a commission *97 salesman who maintained his home and business headquarters in the Greensboro, North Carolina area. He claimed deductions for meal expenses in the amounts of $1,218.50 in 1957, and $1,099 in 1958. After concessions, these deductions are now disallowed by respondent to the extent of $327 in 1957 and $260 in 1958. Section 162(a)(2) allows a deduction for all ordinary and necessary expenses paid or incurred in carrying on a trade or business, including "traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business." Section 262 disallows all personal, living and family expenses, except as otherwise provided. The amounts disallowed by respondent represent certain claimed meal expenses. While petitioner argues that the respondent has used an "overnight" test regarding meal expenses which is not valid, citing Hanson v. Commissioner, 298 F. 2d 391 (C.A. 8), reversing 35 T.C. 413, we do not ever reach this question. Petitioner maintained better than average records of his activities and expenses for the 2 years which are before us, and his testimony was frank and entirely believable. *98 We are also impressed that all of his claimed deductible items are very reasonable in amount. On the other hand, respondent has disallowed only those items as to which there is no showing of any connection with petitioner's business, i.e., meals presumably purchased for petitioner alone, and in the immediate home area. Respondent has in fact increased the "entertainment" deductions claimed by petitioner $100 in each of the years in issue. We feel compelled to conclude, therefore, that petitioner has not sustained his burden of proving the Commissioner's determination erroneous. Decision will be entered for the respondent. Footnotes
1. All references are to the Internal Revenue Code of 1954.↩
2. Petitioner's position as to the adjusted basis of the 1955 Chrysler is confused. He seems to contend for $2,800 on the basis of his adjusted basis in a 1951 Chrysler of $800, plus $2,000 boot given for the 1955 Chrysler. But respondent concedes on brief that the 1955 Chrysler had a basis of $3,410.57, and the petitioner has not established a larger amount. ↩
3. Petitioner states that he and respondent are in agreement as to the basis of the 1957 Chrysler, then states the figure to be $3,566.68. The difference of $189.43 is nowhere explained.↩